IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DeMARREA GORDON,

    Plaintiff,                    No. CIV S-11-3063 DAD P

    vs.

SOLANO COUNTY JAIL,

    Defendant.            <u>ORDER</u>

_____/

        Plaintiff is a county jail inmate proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the court will grant plaintiff's request for leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

1

and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

1  550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the
2  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
3  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
4  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
5         The Civil Rights Act under which this action was filed provides as follows:
6         Every person who, under color of [state law] . . . subjects, or causes
       to be subjected, any citizen of the United States . . . to the
7         deprivation of any rights, privileges, or immunities secured by the
       Constitution . . . shall be liable to the party injured in an action at
8         law, suit in equity, or other proper proceeding for redress.
9  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
10 actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
11 Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
12 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the
13 meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
14 omits to perform an act which he is legally required to do that causes the deprivation of which
15 complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
16        Moreover, supervisory personnel are generally not liable under § 1983 for the
17 actions of their employees under a theory of respondeat superior and, therefore, when a named
18 defendant holds a supervisorial position, the causal link between him and the claimed
19 constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862
20 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory
21 allegations concerning the involvement of official personnel in civil rights violations are not
22 sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).
23        **PLAINTIFF'S COMPLAINT**
24        In the present case, plaintiff has identified the Solano County Jail as the sole
25 defendant.  According to the complaint, on November 16, 2011, plaintiff was walking out of the
26 shower area and slipped in a puddle.  He fell and hit his head and was knocked unconscious for a

3

short period and went into a "shocked shaking stage." Plaintiff alleges that there are large puddles of water on the floor every day at the jail and that his fall could have been avoided if the shower area had curtains and mats. Finally, plaintiff alleges that he did not receive adequate medical care after his fall. In his view, he needed to be taken to the hospital for treatment. In terms of relief, plaintiff seeks early release. (Compl. at 3.)

## DISCUSSION

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

In any amended complaint plaintiff elects to file, he must allege facts demonstrating how the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Plaintiff must also allege in specific terms how each named defendant was involved in the deprivation of his rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

If plaintiff chooses to pursue this action by filing an amended complaint, he is advised of the following legal standards that appear to govern his claims. First, insofar as

4

plaintiff is seeking to raise an Eighth Amendment claim for the shower conditions at the Solano County Jail, he is advised that the "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment prohibited by the United States Constitution. Whitley v. Albers, 475 U.S. 312, 319 (1986). See also Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). However, neither accident nor negligence constitutes cruel and unusual punishment, because "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

To state an Eighth Amendment claim, plaintiff must allege facts showing that objectively he suffered a sufficiently serious deprivation and that subjectively each defendant had a culpable state of mind in allowing or causing the plaintiff's deprivation to occur. Wilson v. Seiter, 501 U.S. 294, 298-99 (1991). Here, plaintiff complains that the shower area lacks curtains and mats. However, complaints regarding the routine discomfort inherent in the jail and prison setting are inadequate to satisfy the objective prong of an Eighth Amendment inquiry. Only those deprivations denying "the minimal civilized measure of life's necessities" are sufficiently grave to form the basis of an Eighth Amendment violation." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). In any amended complaint plaintiff elects to file, he will need to explain how the conditions at Solano County Jail violate Eighth Amendment standards.

Also, insofar as plaintiff is seeking to raise an Eighth Amendment claim for inadequate medical care after his fall, he is advised that the Supreme Court has held that inadequate medical care did not constitute cruel and unusual punishment cognizable under § 1983 unless the mistreatment rose to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

5

To state an Eighth Amendment claim for inadequate medical care, plaintiff must allege facts demonstrating how any defendant's actions rose to the level of "deliberate indifference." Here, plaintiff does not describe who provided him with medical care after his fall and why the care, if any, was inadequate. Plaintiff simply complains that he should have been taken to the hospital for treatment. However, mere differences of opinion between a prisoner and prison medical staff or between medical professionals as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim. See Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). In addition, before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). In any amended complaint plaintiff elects to file, he will need to explain how the medical care he received, if any, violated Eighth Amendment standards.

Finally, if plaintiff elects to file an amended complaint, he must clarify what relief he seeks. For example, if plaintiff believes he is entitled to compensatory or punitive damages, he should state the amount he seeks from the defendant(s). Plaintiff is advised that early release from Solano County Jail is not available to plaintiff through this civil rights action.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

# CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (Doc. No. 6) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sheriff of Solano County filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

5. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

DATED: April 3, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
gord3063.14